Filed 10/16/23  P. v. Thomas CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>TITO ACE THOMAS,<br><br>        Defendant and Appellant. | B325269<br><br>(Los Angeles County<br>Super. Ct. No.YA094365) |

        APPEAL from an order of the Superior Court of Los Angeles County, Amy N. Carter, Judge.  Affirmed.

        Stanley D. Radtke, under appointment by the Court of Appeal, for Defendant and Appellant.

        No appearance for Plaintiff and Respondent.

        Appellant Tito Ace Thomas appeals the denial of his petition to seal arrest records pursuant to Penal Code section

851.91.[1] Appellant's appointed counsel filed a brief raising no issues pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) and requesting an independent review of the record. Appellant filed a supplemental brief in which he appears to seek vacation of his convictions under sections 851.87 and 1473.7 and a letter seeking expeditious resolution of the matter.  We affirm.

## BACKGROUND

Appellant was arrested on June 21, 2016 in connection with an incident that occurred at National University earlier that day. He was subsequently charged by amended information with second degree robbery (§ 211) and assault by means of force likely to produce great bodily injury (§ 245, subd. (a)) of victim M.S.[2] On December 13, 2016, appellant pled no contest to both counts. On December 19, 2016, the trial court sentenced appellant to five years of formal probation with various conditions, including 364 days in Los Angeles county jail and orders to stay away from National University and M.S.

On July 25, 2022, appellant filed a petition to seal his June 21, 2016 arrest and related records pursuant to section 851.91, which requires the sealing of arrest records under certain circumstances not present here and allows the sealing of other arrest records in the interests of justice.  (§ 851.91, subds. (a), (c).) The trial court appointed counsel for appellant on October 4, 2022.  Appellant and his counsel appeared for a hearing on the petition on October 19, 2022.  At the hearing, the court noted that

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

[2]    We refer to the victim using initials to protect his privacy. (See Cal. Rules of Court, rule 8.90(b)(4).)

appellant's plea had been set aside and vacated, and the case had been dismissed.  The prosecutor objected to the petition on the grounds that it was not properly noticed and contained other facial defects.  The court denied the petition without prejudice and granted appellant leave to amend to correct the deficiencies.

Appellant filed an amended petition on October 24, 2022.  In the amended petition, appellant asserted that his petition should be granted because his arrest and "all related events subsequent to the arrest" were "still interfering with my ability to get a job and/or jobs and to earn a living."  Appellant further asserted that he is "a man of good character" with "degrees from different schools," and his procedural rights were violated during the prosecution of the case.

The trial court heard the amended petition on November 14, 2022.  The prosecution argued that granting the petition would not serve the interests of justice because the crimes were recent and resulted in a strike conviction.  Appellant's attorney reminded the court that "the case has already been expunged" before submitting and allowing appellant to personally address the court.  Appellant stated that M.S. came after him and gave inconsistent accounts of the incident to authorities.  He further asserted that "the case was fabricated by the Sheriff Department," and that he was "sabotaged" and "messed over" during the case, which "turned my life upside down."  The court took the matter under submission.  It ultimately denied the petition, finding "that sealing the arrest would not serve the interests of justice under Penal Code section 851.91 (c)(2)."  Appellant timely appealed.

3

## DISCUSSION

Appellant's appointed attorney filed a brief raising no issues and requesting that this court proceed pursuant to *Delgadillo, supra*, 14 Cal.5th 216. This court advised appellant of his right to file a supplemental brief (see *Delgadillo, supra*, 14 Cal.5th at pp. 231-232), and appellant subsequently filed a brief and a letter. We evaluate the arguments set forth in those documents. (See *id.* at p. 232 ["If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion"].)

Appellant's supplemental brief, filed July 7, 2023, consists primarily of a motion seeking to vacate his conviction under sections 851.87 and 1473.7 and legal argument in support of that relief.[3] Appellant asserts that the motion should be granted because he has newly discovered evidence of his actual innocence, namely the following: "On the morning of May 30, 2017 Mr. Thomas was still dealing with the negative consequences of his plea. As a result, he encouraged Department of Fair Employment & Housing what Kathryn J. Virzi and [M.S.] 'tell the truth' regarding the incident that led to the attack that happen on June 21, 2016. [M.S.] told the Department of Fair Employment & Housing Restraining order that Kathryn J. Virzi

---

[3]     Section 851.87 permits a person to seek the sealing of his or her arrest record after successful completion of a prefiling diversion program administered by a prosecuting attorney. (See § 851.87, subd. (a)(1).) Section 1473.7 allows a person no longer in criminal custody to seek vacation of his or her conviction or sentence for several enumerated reasons, including newly discovered evidence of actual innocence. (See § 1473.7, subd. (a).)

filed." The brief also includes the full texts of Health and Safety Code section 11359 and Vehicle Code section 23152, both of which appellant appears to suggest that M.S. violated. Attached to the filing is a conformed copy of a motion for relief under sections 851.87 and 1473.7 that appellant filed in the trial court on June 20, 2023, as well as several documents supporting that motion. Appellant's second supplemental filing, a letter filed July 19, 2023, requests expeditious resolution of his appeal and states that appellant wishes to be present for any oral argument.

This court cannot rule on appellant's motion for relief under sections 851.87 and 1473.7 in the first instance. To the extent appellant has not already done so, he may file such a motion in the trial court. If the trial court denies the motion, appellant may appeal that order to this court. (See § 1473.7, subd. (f).)

Nothing in either of appellant's filings directly pertains to his petition to seal his arrest under section 851.91 or the trial court's ruling denying the petition. He accordingly has not carried his burden of demonstrating that the trial court committed an error that justifies reversal of the order. (See *Jameson v. Desta* (2018) 5 Cal.5th 594, 609.) We therefore affirm the order.

## DISPOSITION

The order denying appellant's section 851.91 petition is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

COLLINS, ACTING P.J.

We concur:

MORI, J.                                                    ZUKIN, J.

5